**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**RONNIE HEROD**                                                                  **PLAINTIFF**

**V.**                                                                  **CAUSE NO. 1:06CV128**

**JOHN E. POTTER,
POSTMASTER GENERAL
UNITED STATES POSTAL SERVICE**                                            **DEFENDANT**

**ORDER**

This cause comes before the court on the defendant's motion [15-1] to dismiss for lack of subject matter jurisdiction. The court has reviewed the briefs and submissions and is prepared to rule.

Plaintiff Ronnie Herod is a forty-seven year old white male who was employed by the United States Postal Service (USPS) as a city letter carrier in Carthage, Mississippi. Mr. Herod began his employment with the USPS on March 17, 1998. On March 1, 2005, Mr. Herod was notified by letter that the USPS proposed to terminate his employment within thirty days, and that he was charged with making a false report of a physical assault and soliciting a false statement from a postal customer. On April 6, 2005, the USPS issued a letter of decision that informed the plaintiff that his termination would be effective April 8, 2005.

On April 29, 2005, the Plaintiff Herod filed a mixed case appeal with the Merit Systems Protection Board alleging race and sex discrimination, as well as retaliation for prior Equal Employment Opportunity activity. That same day he also requested an appointment with an EEO Dispute Resolution Specialist. On May 15, 2005, he filed an Information for Pre-Complaint

1

Counseling and on May 31, 2005 he filed a motion to dismiss his Merit Systems Protection Board Appeal with prejudice so that he could pursue his grievance through arbitration. The motion was granted by the Atlanta Regional Office of the Merit Systems Protection Board on June 6, 2005.

On July 5, 2005, Mr. Herod filed a formal complaint of discrimination with the Postal Service's Equal Opportunity Employment Commission ("EEOC") in which he alleged discrimination based on his race, sex, age, and retaliation for prior EEO activity. On August 25, 2005, the EEO Division of the United States Postal Service dismissed Mr. Herod's complaint citing 29 C.F.R. § 1614.107(a)(4) which states that a complaint shall be dismissed when "the complainant has raised the matter . . . in an appeal to the Merit Systems Protection Board." The plaintiff appealed the dismissal to the EEOC Office of Federal Operations, which affirmed United States Postal Service EEO Division's dismissal. The plaintiff instituted the present action on April 25, 2006.

The defendant seeks dismissal of this action pursuant to Fed. R. Civ. Pro. 12(b)(1), lack of subject matter jurisdiction. Subject matter jurisdiction can never be forfeited or waived. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 1244, 163 L.Ed. 2d 1097 (2006). A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Montez v. Department of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). A "facial attack" on the complaint requires the court to merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the

motion. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (1980). A "factual attack," however, challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered. *Id*. No presumptive truthfulness attaches to the plaintiff's allegations, and the court can decide disputed issues of material fact in order to determine whether or not it has jurisdiction to hear the case. *Montez*, 392 F.3d at 149.

On May 16, 2005, the plaintiff received a publication entitled "*What You Need to Know About the EEO*" by certified mail. This publication informed the plaintiff that he could pursue his complaint of discrimination with the Merit Systems Protection Board or the Postal Service EEO office, but not through both avenues of relief. See 29 C.F.R. § 1614.302 ("The person shall be advised that he or she may not initially file both a mixed case complaint and an appeal on the same matter and that whichever is filed first shall be considered an election to proceed in that forum.")

Further, the Ninth Circuit has directly addressed the interplay between the administrative systems under the EEOC, the Merit Systems Protections Board, and the internal grievance system of the US Air Force. *Vinieratos v. United States, Dept. of the Air Force*, 939 F.2d 762 (1991). In *Vinieratos*, Vinieratos attempted to pursue his grievances through the Air Force internal grievance system, the EEOC, and the Merit Systems Protections Board. At various times, he requested that his EEO proceeding defer to the Merit Systems Protections Board proceedings and that his Merit Systems Protections Board proceedings defer to his EEO proceedings. *Id*. at 766. The Ninth Circuit found that his actions constituted a failure to exhaust his administrative remedies, and that the law requires that claimants exhaust whichever administrative remedy that

they properly elect to pursue.  Accordingly, Mr. Herod's voluntary dismissal of his Merit Systems Protection Board appeal constitutes a failure to exhaust his administrative remedies. The defendant's motion [15-1] to dismiss for lack of subject matter jurisdiction is GRANTED and this case is hereby closed.

This the 12th day of February, 2007.

**/s/ Michael P. Mills**
**UNITED STATES DISTRICT JUDGE**